## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| _____ : | | |
| PATRICIA MARY MANCUSO & : | | Civil Action No. 08-5311 (JHR) |
| ALFRED MANCUSO : | | |
| : | | |
| Plaintiffs, : | | |
| : | | |
| vs. : | | |
| : | | MEMORANDUM ORDER |
| TYLER DANE, LLC d/b/a : | | |
| ROD AND REEL TAVERN, : | | |
| : | | |
| Defendants. : | | |
| _____: | | |

Presently before the Court is the motion [Dkt. Entry No. 42] of Plaintiffs Patricia Mary Mancuso and Alfred Mancuso ("Mancuso") for default judgment against Defendant Tyler Dane, LLC, d/b/a Rod and Reel Tavern ("Dane") pursuant to FED. R. CIV. P. 55. For the reasons set forth below, Mancuso's motion for default judgment will be granted, but the Court reserves decision on its determination of damages.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Mary and Alfred Mancuso filed a complaint against defendant Tyler Dane, LLC in this Court on October 24, 2010. Plaintiffs, Mary and Alfred are wife and husband and citizens of the Pennsylvania. (Compl. ¶ 3.) Defendant, Tyler Dane, LLC, is a New Jersey limited liability company doing business as the Rod and Reel Tavern, with a place of business located at 1301 E. Beach Avenue, Brigantine, NJ 08203. (Id. at ¶ 6.) Plaintiffs allege that Patricia tripped and fell over a misplaced railroad tie located in an unlit walkway on Defendant's premises. (Id. at ¶ 7.) Plaintiffs further allege that Patricia suffered serious and permanent injuries as a result of her fall, the medical records of which were submitted to the court. (Id.)

The Complaint and Summons were served on Defendant on November 20, 2008. The Court notified Plaintiffs by letter dated November 17, 2008 that the Complaint failed to properly plead the statutory requirements for diversity of citizenship and Plaintiffs filed an Amended Complaint on December 10, 2008.  Defendant never answered the Amended Complaint and the Clerk entered default on June 4, 2009. Plaintiffs filed this unopposed Motion for Default Judgment on October 25, 2010.  In a previous Order, the Court directed Plaintiffs to submit proof of service of the Amended Complaint no later than December 9, 2010 and set a hearing date for December 16, 2010 to determine the propriety of default judgment, as to both liability and damages [Dkt. Entry No. 19].  In response, Plaintiffs submitted certification that the Amended Complaint was served upon the Defendant by mail on December 7, 2010 [Dkt. Entry No. 21]. A request for default judgment filed on March 10, 2011 was denied due to improper service. [Dkt. Entry No. 25.] Following proper service on November 30, 2011, another motion for default judgment as to liability was filed on February 10, 2012. [Dkt. Entry No. 41.]

## II. JURISDICTION

Diversity jurisdiction over Mancuso's federal law claim is conferred by 28 U.S.C. § 1332, because complete diversity exists. The Plaintiffs are Pennsylvania citizens, and the Defendant is a New Jersey corporation with its principle place of business located in Brigantine, New Jersey. The Plaintiffs are requesting damages in excess of $75,000. This Court exercises personal jurisdiction over Dane because service of process on Dane was proper and its principal place of business is in New Jersey.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs a court's decision to enter default judgment against a defendant.  See FED. R. CIV. P. 55.  To obtain default judgment, the plaintiff must have properly served the defendant with the summons and complaint in the matter.  Lampe v. Xouth, Inc., 952 F.2d 697, 700-701 (3d Cir. 1991).  Pursuant to Rule 4 of the Federal Rules of Civil Procedure, a corporation may be served process "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  FED. R. CIV. P. 4(h)(1)(B).

Obtaining default judgment against a defendant is a two-step process.  First, the Clerk of the Court must enter the defendant's default after the properly served defendant has failed to plead or otherwise defend himself.  FED. R. CIV. P. 55(a).  Second, on the plaintiff's request, the Clerk may enter default judgment against the defendant for the amount and costs the plaintiff requests if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation.  FED. R. CIV. P. 55(b)(1).  In all other cases, the plaintiff must apply to the court for a default judgment.  FED. R. CIV. P. 55(b)(2).

The plaintiff's unchallenged facts set forth in the complaint must establish a legitimate cause of action before default judgment can be entered.  DirecTV, Inc. v. Decroce, 332 F.Supp.2d 715, 717 (D.N.J. 2004), rev'd on other grounds sub. nom. DirecTV, Inc. v. Pepe, 431 F.3d 162 (3d Cir. 2005).  A plaintiff is not entitled to entry of default judgment against a defendant as of right, because the entry of such judgment is to the discretion of the district court.  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.

1984).  However, the Third Circuit prefers that "cases be disposed of on the merits whenever practicable."  Id. at 1181.

Three criteria inform the Court's decision of whether default judgment is appropriate: (1) whether the plaintiff would suffer prejudice if the default judgment were denied, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's own culpable conduct caused his delay in responding to the Complaint.  See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

Courts must accept the plaintiff's well-pleaded factual allegations as true, but need not accept the plaintiff's factual allegations regarding damages as true.  Chanel, Inc. v. Gordashevsky, 558 F.Supp.2d 532, 536 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).  In the absence of sufficient evidentiary support, the Court may order or permit the plaintiff to provide additional evidence to support his or her allegations.  See, e.g., Rose Containerline, Inc. v. Omega Shipping Co., Inc., Civil No. 10-4345, 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011) (ordering the plaintiff to "provide the Court with additional clarifying information to justify the damages sought"); Bridges Fin. Group, Inc. v. Beech Hill Co., Inc., Civil No. 09-2686, 2011 WL 1485435, at *5 (D.N.J. Apr. 18, 2011) (permitting the plaintiff to "file supplemental documentation regarding its claim for interest and reasonable attorneys' fees and costs").  The Court may also conduct hearings to ascertain the amount of damages owed to the plaintiff.  FED. R. CIV. P. 55(b)(2).

However, the Court is not required to conduct such hearings "as long as it ensures that there is a basis for the damages specified in the default judgment." Trucking Employees of North Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer,

Inc., Civil No. 08-2782, 2009 WL 3584358, at *3 (D.N.J. Oct. 27, 2009) (quoting

Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d

Cir. 1997)).  For example, courts have held that hearings are unnecessary where

"detailed affidavits and documentary evidence" have been submitted to support the

plaintiff's claim for damages.  See Tamarin v. Adam Caterers, 13 F.3d 51, 54 (2d Cir.

1993).  Additionally, if the damages are for a "sum certain or for a sum which can by

computation be made certain, a further evidentiary inquiry is not necessary and a

district court may enter final judgment."  Bds. of Trs. of the Operating Eng'rs Local 825

Welfare Fund v. Robert Silagy Landscaping, Inc., Civil No. 06-1795, 2006 U.S. Dist.

LEXIS 82475, at *9 (D.N.J. Nov. 9, 2006).

## IV. DISCUSSION

**Propriety of Entry of Default Judgment**

The Court finds that the Clerk's Office properly entered default, because the

service of process on Dane was proper.  On November 30, 2011, Tom Devine, a person

authorized to accept the service, was personally served and accepted the Summons and

Complaint in this matter.  The service was properly conducted by The Atlantic County

Sheriff's Office through Albert Thompson, Sheriff's Officer. FED. R. CIV. P. 4(c)(3).

In addition, consideration of the default criteria weigh in favor of default

judgment.  Plaintiffs would suffer prejudice if default judgment were denied, due to the

fact that they have no other remedy against Defendant.  Second, because Defendant has

failed to answer, there does not appear to be a meritorious defense to Plaintiffs' claims.

The Court is unable to assess whether Defendant's own culpable conduct caused delay in

responding to the Complaint.  Therefore, entry of default judgment with respect to

liability only is appropriate at this time. See LaBracio Family Partnership v. 1239 Roosevelt Ave., Inc. 340 N.J. Super 155, 161, 773 A.2d 1209, 1212 (App. Div. 2001) ("Under New Jersey law, the principles of negligence are well settled. The requisite elements of a negligence cause of action are: (1) the existence of a duty; (2) the breach of that duty; and (3) proximate causation of damages.").

The Court reserves decision on damages because Plaintiffs lack sufficient evidentiary support to justify their damages.  Since the inception of this case, nearly five years ago, Plaintiffs have never offered any proof of monetary damages.  Instead, Plaintiffs recently submitted hospital reports and medical records. The Court requires submission of quantifiable, specific damages.  After a review of the submissions, the Court will determine whether an evidentiary hearing is needed.  As a result, the Court cannot compute Plaintiffs' damages or the extent to which injunctive relief should be granted.

### V. CONCLUSION

Plaintiffs' Motion for Default Judgment [Dkt. No. 41.] is granted in part as to liability and held in abeyance in part; the Court reserves decision on the determination of damages.  Plaintiff SHALL provide the Court with additional information justifying the damages they seek consistent with this ORDER no later than May 14, 2012.

It is so ORDERED on this 1st day of May, 2012.


 /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ,
United States District Judge

6