UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PATRICIA MARY MANCUSO & ALFRED MANCUSO | : | Civil Action No. 08-5311 (JHR) |
| Plaintiffs, | : | |
| vs. | : | |
| | : | Opinion |
| TYLER DANE, LLC d/b/a ROD AND REEL TAVERN, | : | |
| Defendants. | : | |

The present matter is before the Court on its own motion. For the reasons that follow, the Court will dismiss Plaintiffs' Patricia Mary Mancuso and Alfred Mancuso ("Mancuso") complaint against Defendant Tyler Dane, LLC, d/b/a Rod and Reel Tavern ("Dane") for showing a pattern of dilatoriness and for failure to abide by the Court's orders.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs Mary and Alfred Mancuso filed a complaint against defendant Tyler Dane, LLC in this Court on October 24, 2008. Plaintiffs are wife and husband and citizens of Pennsylvania. (Compl. ¶ 3.) Defendant, Tyler Dane, LLC, is a New Jersey limited liability company doing business as the Rod and Reel Tavern, with a place of business located at 1301 E. Beach Avenue, Brigantine, NJ 08203. (Id. at ¶ 6.) Plaintiffs allege that Patricia tripped and fell over a misplaced railroad tie located in an unlit walkway on Defendant's premises. (Id. at ¶ 7.) Plaintiffs further allege that Patricia suffered serious and permanent injuries as a result of her fall, the medical records of

which were submitted to the court.  (Id.)

The Complaint and Summons were served on Defendant on October 31, 2008. [Dkt. Entry No. 2.]  The Court notified Plaintiffs by letter dated November 17, 2008 that the Complaint failed to properly plead the statutory requirements for diversity of citizenship and informed Plaintiffs that the complaint would be dismissed if a properly amended complaint was not filed within twenty (20) days.  [Dkt. Entry No. 3.] Plaintiffs filed an Amended Complaint twenty-three (23) days later on December 10, 2008.  [Dkt. Entry No. 4.]  Defendant never answered the Amended Complaint and the Clerk entered default on June 4, 2009.  [Dkt. Entry No. 6.]

Plaintiffs failed to move for default judgment and the Clerk issued a Notice of Call for Dismissal pursuant to L.Civ.R. 41.1(a) on October 23, 2009.  Plaintiffs responded, on November 9, 2009.  But then again failed to prosecute their case resulting in another Notice of Call for Dismissal issued on April 13, 2010.  Plaintiffs responded by filing a Request for Default on April 25, 2010.  [Dkt. Entry No. 10.]  The Clerk's Office docketed a Quality Control Message on April 26, 2010 stating that the Request for Default was submitted incorrectly. Plaintiffs never responded to the Quality Control Message.  On August 03, 2010, the action was dismissed for failure to prosecute.  [Dkt. Entry No. 12.]

After denying Plaintiff's first motion to reopen the case as deficient, the Court granted Plaintiffs' motion to reopen on October 19, 2010.  Plaintiffs filed a Motion for Default Judgment on October 25, 2010.[Dkt. Entry No. 18.]  In a previous Order, the Court directed Plaintiffs to submit proof of service of the Amended Complaint no later than December 6, 2010 and set a hearing date for December 16, 2010 to determine the propriety of default judgment, as to both liability and damages [Dkt. Entry No. 19].  In

response, Plaintiffs submitted certification that the Amended Complaint was served upon the Defendant by mail on December 7, 2010 [Dkt. Entry No. 21]. A request for default judgment filed on March 10, 2011 was denied due to improper service. [Dkt. Entry No. 25.]

Although Clerk's entry of default was entered on August 2, 2011, Plaintiffs again failed to move for default judgment.  As a result, on October 3, 2011, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute and directed Plaintiffs to appear in court to orally demonstrate cause. That same day, Plaintiffs filed a motion for default judgment and attached an affidavit lacking the proper electronic signature.  [Dkt. Entry No. 30.]  On October 18, 2011, Plaintiffs improperly filed a Certification containing confidential materials [Dkt. Entry No. 32] and did not respond to Quality Control Message directing Plaintiffs to file the proper motion to seal.

Counsel for Plaintiffs appeared at the hearing on October 18, 2011.  Although cause to dismiss the case may have existed at the time, the Court permitted Plaintiffs to correct a service issue and proceed.  During the hearing, counsel informed the Court that he has never met the Plaintiffs and that he was working in collusion with an attorney licensed to practice in Pennsylvania.  That attorney is not of record in this case.

Following proper service on November 30, 2011, another motion for default judgment as to liability was filed on February 10, 2012. [Dkt. Entry No. 41.] The submission did not include any proof of damages.  On May 1, 2012, the Court granted Plaintiffs' motion for default judgment as to liability only and directed Plaintiffs to submit to the Court additional information justifying the damages they seek no later

3

than May 14, 2012. [Dkt. Entry No. 42.] Plaintiffs failed to provide the Court with the additional information requested on May 1, 2012.

On June 11, 2012 the Court issued an Order To Show Cause in writing why the case should not be dismissed for failure to comply with the Court's May 1, 2012 Order. Plaintiffs' counsel responded by resubmitting medical records[1] and by placing the blame on co-counsel from Pennsylvania. Plaintiffs submitted additional medical records in support of damages on June 20, 2012, none of which contained bills or other expenses.

Out of an abundance of caution and concern for the Plaintiffs, the Court issued an Order To Show Cause on July 11, 2012 directing the Plaintiffs and counsel to appear on August 1, 2012 to explain the inability to timely respond to the Court's orders and to supply the Court with evidence of damages. The July 11, 2012 order further directed Plaintiffs to submit a letter to the Court detailing the proofs they intend to submit to Court in the event the Court permitted the case to proceed to a damages hearing. That letter was due July 18, 2012. As of the date of this Order, Plaintiffs have not submitted the letter to the Court.

## II. STANDARD FOR DISMISSAL

A dismissal with prejudice is a drastic sanctions and is reserved for extreme cases. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868-870 (3d Cir. 1984) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)). The Third Circuit set out the following six factors that a court must weight in order to determine if

---

[1] To date, Plaintiffs have not submitted medical bills or any other itemization of damages. While the medical records tend to support Plaintiff Patricia Mancuso's claim that she was hurt, there is nothing for the Court to calculate so as to fashion a damages award.

dismissal is appropriate: (1) the extent of the party's responsibility, (2) the prejudice to the adversary, (3) whether there is a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) whether alternative sanctions are available, and (6) the meritoriousness of the claim.  Poulis, 747 F.2d at 868-870.  In the absence of a sum of the six factors weighing in favor of dismissal, the Court should either reach a decision on the merits or alternative sanctions should be used.  Scarborough v. Eubanks, 747 F.2d 871, 877 (3d Cir. 1984).

Even when a plaintiff causes delay or engages in contumacious conduct, before dismissing the complaint, the Court must consider if justice is served better by a lesser sanction.  Guyer v. Beard, 907 F.2d 1424 (3d Cir. 1990).  As an alternate to dismissal, the Court can impose monetary sanctions or order strict compliance with deadlines.  Haraway v. Nat'l Ass'n For Stock Car Auto Racing, Inc., 213 F.R.D. 161 (D. Del. 2003). Alternatively, the Court can dismiss the complaint without prejudice and require that future filings fully comply with relevant rules.  Menendez v. United Food & Commercial Workers Local 450T, AFL-CIO, No. 05-CV-1165, 2005 WL 1925787 at, *4 (D.N.J. Aug. 11, 2005).

### III. DISCUSSION

A majority of the Poulis factors weigh in favor of dismissal.  Plaintiffs have demonstrated a remarkable history of dilatoriness, failure to comply with the Court's orders, and have failed numerous times to move this case forward.  Plaintiffs proceed in this matter unopposed and remain unable to secure a default judgment in the nearly four years that this case has been open.  Further, there are no alternative sanctions that would cure Plaintiffs' deficiencies.  See Titus v. Mercedes Benz of N. Am., 695 F.2d 746

(3d Cir. 1982). Plaintiffs have had already had their case dismissed without prejudice and have been repeatedly warned that failure to comply with the Court's orders may result in dismissal of their case. Most recently, the Court's July 11, 2012 Order contained a stern warning in bold typeface and capitalized letters that further noncompliance would result in immediate dismissal. The pattern of repeated failures in this case is both remarkable and troubling.

In addition, counsel attempts to shift the blame for the failures in this case onto his Pennsylvania counter-part, who is not an attorney of record in this case. Even if the Pennsylvania attorney was admitted to appear before this Court *pro hac vice*, local counsel remains responsible for ensuring compliance with this Court's Rules. See L. Civ. R. 101.1. Counsel's failure to take responsibility causes the Court to question whether the deficiencies in this case are the result of bad faith. After all, counsel readily admitted that he has never met the Plaintiffs, yet he certifies the existence of damages to the Court.

Finally, this case is here on diversity. Counsel's reticence in producing evidence of damages, particularly medical bills, calls into question whether Plaintiffs can satisfy the jurisdictional amount. "[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue sua sponte." Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995). At this juncture, the Court cannot satisfy itself that jurisdiction exists. In addition, even if jurisdiction exists, Plaintiffs' case will be dismissed. The Court has extended every opportunity to Plaintiffs to prosecute their case and has issued ample warnings to the Plaintiffs regarding their dilatoriness.

## V. Conclusion

For the reasons set forth above, in addition to those detailed in the October 18, 2011 hearing, the transcript of which is docketed on November 7, 2011, Plaintiffs' case is dismissed.  Plaintiffs have failed at every stage to prosecute their case and have been given numerous opportunities to correct deficiencies.  The Court has issued warnings and has previously dismissed their case without prejudice.  There are no other lesser sanctions available to the Court at this time.  Although Plaintiffs' failure to abide by the Court's orders warrants the harsh sanction of dismissal under <u>Poulis</u>, the Court will dismiss the case without prejudice.

An appropriate Order shall issue.

Dated: July 25, 2012

                                             S/ Joseph H. Rodriguez
                                             Hon. Joseph H. Rodriguez,
                                             UNITED STATES DISTRICT JUDGE